IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT

LARRY L. CARRUTH                                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:14-CV-507-WHB-RHW

JVT ADVISORS,
MORPHOTRUST USA, INC.,
and ALBERT EARL SANTA CRUZ, IN HIS INDIVIDUAL CAPACITY        DEFENDANTS

### MEMORANDUM OF AUTHORITIES IN SUPPORT OF
### MOTION TO DISMISS OF ALBERT SANTA CRUZ

**COMES NOW** Defendant, Albert Santa Cruz, in his individual capacity, by and through counsel, submits this Memorandum of Authorities in Support of his Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and would show the Court as follows:

### INTRODUCTION

Simply put, the Court can easily dispose of all claims contained in Plaintiff's First Amended Complaint filed against the Commissioner of the Mississippi Highway Patrol, Albert Santa Cruz, in his individual capacity. Qualified immunity is the death knell to Plaintiff's Section 1983 political affiliation and Sections 1985 and 1986 conspiracy claims. Moreover, Plaintiff's state law claim, tortuous interference with business and/or contractual relation, cannot survive on the independent grounds that Plaintiff disregarded the notice requirement of the Mississippi Tort Claims Act and, in any event, Commissioner Santa Cruz is statutorily immune from such a claim. Accordingly, for these reasons, discussed in detail below, dismissal of Plaintiff's First Amended Complaint against Commissioner Santa Cruz, under Fed. R. Civ. P. 12(b)(6), is appropriate.

I.  **FACTUAL BACKGROUND**

The factual allegations of the First Amended Complaint [docket no.3], while contested by Commissioner Santa Cruz, are taken as true for purposes of the instant Motion and are as follows. On September 15, 2013, as a contract employee with JVT Advisors, Morphotrust USA, Inc. hired Plaintiff as business analyst on a multi-million-dollar, state-wide project administered by it on behalf of the Mississippi Highway Patrol (MHP). Compl. ¶ 8.

At the onset of his employment, Plaintiff disclosed to Morphotrust that his wife, Amy Carruth, was the former Director of Support Services for the MHP. *Id.* ¶ 9. Mrs. Carruth served as MHP's Director of Support Services under Governor Haley Barbour. *Id.* ¶¶ 7, 13. She was released from her position when Governor Phil Bryant took office. *Id.* Morphotrust assured Plaintiff that his wife employment with the former governor would not affect his employment on the project. *Id.* ¶ 9.

On November 11, 2012, Morphotrust had its kick-off meeting, and Plaintiff was introduced to employees with MHP as the individual assigned to conduct surveys for the project. *Id.* ¶ 10. Commissioner Santa Cruz did not attend the meeting. *Id.* Shortly thereafter, and through December 2012, Plaintiff began conducting surveys at several MHP locations. *Id.* ¶ 11. While conducting surveys, Plaintiff met Trooper Mike Santa Cruz, the Commissioner's son. *Id.* ¶ 12.

In February 2013, Plaintiff was removed from the Mississippi project following Commissioner Santa Cruz's comments about him, including that he was a "security threat," and he had a "conflict of interest." *Id.* ¶¶ 13, 14. "Plaintiff *assumed* that it was because his wife had worked for the Mississippi Highway Patrol under a different commissioner and had certain knowledge about the Patrol office." *Id.* (Emphasis added). Plaintiff continued to work at

Morphotrust in a different capacity until June 28, 2013 when Morphotrust president, Bob Eckell, terminated his employment. *Id.* ¶¶ 15-16.

## II. STANDARD OF REVIEW

When, in any case, it appears beyond a doubt that a plaintiff could prove no set of facts in support of his claims which would entitle him to relief, the complaint should be dismissed. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When evaluating a motion to dismiss, the court must assume everything in plaintiff's complaint is true and construe the allegations in the light most favorable to plaintiff. *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). Further, a dismissal under 12(b)(6) is not warranted simply because "the district court believes the plaintiff is unlikely to prevail on the merits." *Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir.1986). A 12(b)(6) dismissal is appropriate, however, when the complaint "on its face show[s] a bar to relief." *Id.* Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to survive a rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqal*, 556 U.S. 662, 678, (2009). As set forth below, accepting all of the allegations in Plaintiff's First Amended Complaint as true for the purposes of this Motion only, the First Amended Complaint fails to state any viable claim for relief against Commissioner Santa Cruz.

## III. FEDERAL CLAIMS

The qualified immunity doctrine provides that "[p]ublic officials acting within the scope of their official duties are shielded from civil liability..." to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The defense of qualified immunity is available to state

actors who are sued under 42 U.S.C. §§1983, 1985 and 1986. *See Foley v. University of Houston Sys*. 355 F.3d 333, 338 (5th Cir.2003); *see Jones v. Tyson Foods, Inc.*, 971 F. Supp. 64, 668-69 (N. D. Miss 2013).

Once the defense of qualified immunity is raised, the burden shifts to the plaintiff to overcome it. *Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir.1994). *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985).[1] The threshold inquiry in determining whether a government official has violated a clearly established right sufficiently to deprive that official of qualified immunity is whether the plaintiff has asserted any constitutional violation at all followed by whether the actions of the defendant state actor were objectively unreasonable. *See Siegert v. Gilley*, 500 U.S. 226, 111 (1991); s*ee also Duckett v. Cedar Park, Tex.*, 950 F. 2d 272, 276-77 (5th Cir. 1992). The plaintiff's complaint:

> must allege "with particularity **all** material facts on which [the claimant] contends he will establish his right to recovery, which will include detailed facts supporting the contention that the plea of immunity cannot be sustained." (*Emphasis added*).

*Morrison v. City of Baton Rouge*, 761 F.2d 242, 244-5 (5th Cir. 1985) (citing *Elliott*, at 1482)). This opposition must be based upon admissible evidence. *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191 (5th Cir.1991). If there is a close question as to whether immunity should be granted, the court should rule in favor of granting immunity. *See Bigford v. Taylor*, 896 F.2d 972, 975 (5th Cir.1990). "[Q]ualified immunity for government officials is the rule, liability and trials for liability the exception." *Alexander v. University of North Florida*, 39 F.3d 290 (11th Cir.1994).

---

[1] In *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166-68 (1993), the Supreme Court abrogated the *Elliott* heightened pleading requirements as applied to municipalities. However, the Supreme Court left open the question as applied to government officials, and the Fifth Circuit Court of Appeals still applies the heightened pleading standard in cases against individual government officials. *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996) (citing *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995)).

Conclusory allegations and unwarranted deductions of fact are not admitted as true by a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992). Likewise, "conclusory allegations and legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Instead, a plaintiff has the burden to "state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." *Elliott v. Perez*, 751 F.2d 1472, 1473 (5th Cir. 1985); *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995); and *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 995 (5th Cir. 1995) ("Heightened pleading demands more than bald allegations and conclusory statements").

Here, it is beyond question that in order to hold the Commissioner liable, Plaintiff must overcome the qualified immunity to which the Commissioner is entitled. This he cannot do.

**A. Section 1983 (Political Affiliation Claim)**

Plaintiff fails to establish that Commissioner Santa Cruz is not entitled to qualified immunity against his Section 1983 First and Fourteenth Amendment political affiliation claim. This singular sentence sums up Plaintiff's political affiliation claim: "Plaintiff was denied permanent employee status and eventually terminated because of Defendant Cruz's actions." Am. Compl. ¶ 18. As discussed below, this conclusory allegation, in the absence of any supporting "factual detail and particularity," is insufficient to overcome the Commissioner's qualified immunity defense.

Plaintiff's theory of his political affiliation claim is based solely on an "assumption" that his termination was related to his wife's employment under a former governor. To prevail, Plaintiff's amended complaint must show that *he* engaged in constitutionally protected conduct relating to political affiliation. *See Garcia v. Reeves Cnty., Tex.*, 32 F.3d 200, 204 (5th Cir.

5

1994). The amended complaint is void of any allegation, much less any "factual detail and particularity", as to any such conduct.

The Court is left to make the "unwarranted deduction" that there exists a political affiliation claim as to Plaintiff by virtue of his *wife's* former employment with the department as this is the only allusion to factual allegations supporting a political affiliation claim. Not even the allegations regarding his wife establish any sort of constitutionally-protected "political affiliation;" all that has been established is his wife was affiliated with the former governor, who happens to be the same political affiliation as the current governor, and she "had certain knowledge about the patrol office." Compl. ¶ 13. Again, based on this conclusory allusion, Plaintiff is requiring the Court to make the "unwarranted deduction" that this "knowledge" translates into a "political activity," which it clearly does not.

Simply stated, Plaintiff's atypical political affiliation claim, *by proxy*, is insufficient to overcome the Commissioner's qualified immunity. Plaintiff cannot rely solely upon the Court making "unwarranted deductions" that the First and Fourteenth Amendment protects him. Absent in the amended complaint is any showing that there was a clear First Amendment violation when he has not even identified his political affiliation or alleged that he engaged in any political conduct.

As to Plaintiff's invocation of the Fourteenth Amendment, the amended complaint makes no assertion of facts that he and others received unequal treatment. *See Mikesha v. City of Galveston*, 451 F. 3d 376, 381 (5th Cir. 2006) (holding that a plaintiff alleging an equal protection violation must plead sufficient facts indicating intentional negative differential treatment than others similarly-situated); *see also John Corp. v. City of Houston*, 214 F. 3d 573, 577 (5th Cir. 2000). It is assumed that Plaintiff is asserting a "class of one" Equal Protection

claim as there is no reference to the phrase "equal protection" in the amended complaint except for the heading of Count One.  Therefore, Plaintiff must show standards were applied differently to him than to others similarly situated, which he clearly fails to do.  *Bryan v. City of Madison*, 213 F. 3d 267, 276-77 (5th Cir. 2000).

Moreover, Plaintiff's Section 1983 First and Fourteenth Amendment political affiliation claim suffers from more significant infirmities.  Admittedly, Plaintiff states that it is only *assumed* that is his *wife's* association with the former governor and commissioner somehow played a role in his termination.  This assumption is not the type of admissible evidence required to defeat a qualified immunity defense.

The fact that Morphotrust, not the Commissioner, terminated Plaintiff's employment further undercuts his claim.  Under Fifth Circuit precedent, only the individual who made the final decision to terminate employment can be held liable under Section 1983.  *See Beattie v. Madison Cnty. Sch. Dist.*, 254 F. 3d 595, 605 (5th Cir. 2001) (holding that individual defendants who "did not fire [plaintiff] directly, but merely recommended her termination to the board, which made the final decision," could not be liable for a First Amendment political speech violation, brought under § 1983, "no matter how unconstitutional their motives."); *see also Johnson v. Louisiana*, 369 F. 3d 826, 831 (5th Cir. 2004) (citing *Beattie* in holding that only the final decisionmaker could be held liable under § 1983 First Amendment action).

While Plaintiff's case could end here, should the Court consider whether the Commissioner's conduct was 'objectively unreasonable,' it should find that it is objectively reasonable and not a violation of a constitutional right not to want Plaintiff as a business analyst on a state-wide, multi-million-dollar project because he is a "security threat" and had a "conflict

7

of interest." *See Dudley v. Angel*, 209 F. 3d 460, 464 (5th Cir. 2000) (holding that "officials need not be correct in their assessments; they need only be reasonable in making them.")

Accordingly, Plaintiff fails to overcome the qualified immunity defense. Consequently, he cannot sustain his Section 1983 claim against the Commissioner.

### B. Section 1985 (Conspiracy Claim)

Plaintiff also alleges a conspiracy claim under Section 1985. This claim fails, too, because Commissioner Santa Cruz is individually protected from liability by qualified immunity.

Section 1985 provides a cause of action for several types of conspiracies, under subsections one through three. 42 U.S.C. § 1985. Plaintiff does not expressly cite to the portion or portions of Section 1985 on which he relies.

Section 1985(1) applies to conspiracies to interfere with a federal official's performance of his duties. 42 U.S.C. § 1985(1). Section 1985(2) applies to conspiracies to influence grand juries and obstructing justice in state courts. 42 U.S.C. § 1985(2). The amended complaint does not allege factual scenario to support any claim under sub-sections one and two. Therefore, the First Amended Complaint does not state a claim under these sub-sections.

Section 1985(3) prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws," or to prevent another from voting or advocating in federal election. 42 U.S.C. § 1985(3). The second part of this sub-section is clearly inapplicable as federal elections are not at issue here. That leaves the first part of sub-section three arguably applicable to the instant matter.

"To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the *equal protection* of the laws; and (3) an act in furtherance of the

conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Hilliard v. Ferguson*, 30 F. 3d 649, 652-53 (5th Cir. 1994) (emphasis added). A conspiracy to deprive another of the equal protection of the law requires a showing that racial animus or political belief or association lay behind the conspiracy. *Sullivan v. County of Hunt*, 106 Fed. Appx. 215, 220 (5th Cir. 2004). As discussed above, the amended complaint makes no factual allegations to support an Equal Protection claim. Therefore, Plaintiff's Section 1985(3) conspiracy must fail for this reason.

Plaintiff's conspiracy claim also fails because, at the onset, before reaching the issue of whether political association lay behind the conspiracy, Plaintiff must show there was, indeed, a conspiracy. Conspiracy requires: "(1) two or more persons or corporation; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; (5) and, damages as the proximate result." *Marsh v. Wallace*, 666 F. Supp. 2d 651 (S.D. Miss. 2009) (citing *Gallegos v. Mid-South Mortg. & Inv., Inc.,* 956 So. 2d 1055, 1060 (Miss. Ct. App. 2007)).

The only allusion to a conspiracy is found in the allegation:

> On February 5, 2013, Mary Roberts with Morphotrust was told by Ken Magee with the Mississippi Highway Patrol that Plaintiff was off the Mississippi project and was not welcome on DPS/MHP property. Ms. Roberts was also told that per Commissioner Santa Cruz, Plaintiff was a "security threat" and had a "conflict of interest." Plaintiff assumed that it was because his wife had worked for the Mississippi Highway Patrol under a different commissioner and had certain knowledge about the Patrol office. Commissioner Santa Cruz said that there was no way, even over his dead body that Plaintiff would be on the project.

First Am. Compl, ¶ 13.

This allegation fails to state any factual predicate whatsoever that there was any "meeting of the minds" between the Commissioner and the other Defendants to commit an "unlawful act." In *Guidry*, the Fifth Circuit opined that "a general allegation of conspiracy, without a statement

of the facts constituting that conspiracy, is only a legal conclusion and is insufficient to state a cause of action." *See Guidry v. U.S. Tobacco Co. Inc.*, 188 F. 3d 619, 631-32 (5th Cir. 1999). Accordingly, the Commissioner is qualifiedly immune from suit on the individual-capacity Section 1985(3) conspiracy claim.

**IV.  SECTION 1986 (Conspiracy Claim)**

Plaintiff makes a conspiracy claim under Section 1986. This statute provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [Section 1985], are about to be committed, and having power to prevent or aid in preventing the commission of same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured.

42 U.S. C. § 1986. Stated differently, the existence of a Section 1985 conspiracy is an element of the Section 1986 claim. As previously stated, Plaintiff has failed to plead a Section 1985(3) conspiracy claim; therefore, his Section 1986 conspiracy claim necessarily fails.

**V.  STATE LAW CLAIM**

Plaintiff has attempted to establish a state law claim for tortuous interference with business and/or contractual relations against Commissioner Santa Cruz. *See* First Am. Compl., ¶¶ 21-24. However, Plaintiff failed to comply with the notice requirements of the Mississippi Tort Claims Act (MCTA) and, in any event, the Commissioner is statutorily immune from suit.

Because Plaintiff's tortuous interference with business and/or contractual relations claim is a tort claim against a state employee, the Commissioner is entitled to notice under the guidelines delineated by the Mississippi Tort Claims Act (MTCA). Miss. Code Ann. § 11-46-1, *et. seq.* Under state law, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental

entity. Miss. Code Ann. § 11-46-11(1). Such notice must conform strictly to the requirements set out by state law, but those matters need not be addressed here because Plaintiff has made no suggestion that he provided notice as contemplated by the MTCA. The amended complaint itself makes no averments regarding the MTCA's notice requirements and no notice-of-claim letter was attached as an exhibit to the amended complaint. Because Plaintiff has failed to comply with the notice requirements of the MTCA, his claim is now time barred by the expiration of the applicable statute of limitations. *See* Miss. Code. Ann. § 11-46-11(3)(a).

Even if Plaintiff had provided notice, dismissal of the claim is warranted because the Commissioner, as a state employee acting within the course and scope of his employment, is not subject to an MTCA claim. The MCTA provides:

> A government entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [b]ased upon the exercise of performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion is abused.

Miss. Code Ann. § 11-46-9(1)(d); *see Suddith v. Univ. of Southern Mississippi,* 977 So.2d 1158, 1177 (Miss.Ct.App.2007) ("no employee of a governmental entity shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties"). Therefore, for these reasons, the Court should dismiss Plaintiff's tortuous interference with business and/or contractual relations claim against the Commissioner.

## **CONCLUSION**

For all of the foregoing reasons, the Motion to Dismiss of Defendant Albert Santa Cruz, in his individual capacity, should be granted and the First Amended Complaint filed against him should be dismissed failure to state a claim upon which relief may be granted.

RESPECTFULLY SUBMITTED, this the 7th day of October, 2014.

**MISSISSIPPI DEPARTMENT OF HUMAN SERVICES, Defendant**

**BY:  JIM HOOD, ATTORNEY GENERAL
STATE OF MISSISSIPPI**

BY:   *s/ Malissa Wilson*_____
MALISSA WILSON, MB No. 100751
SPECIAL ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi  39205-0220
Telephone: (601) 359-3824
Facsimile:  (601) 359-2003
mwils@ago.state.ms.us

**CERTIFICATE OF SERVICE**

I, Malissa Wilson, Special Assistant Attorney General for the State of Mississippi, do hereby certify that on this date I caused to be electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to all registered attorneys of record.

THIS the 7th day of October, 2014.

*s/ Malissa Wilson*_____
MALISSA WILSON