IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT

LARRY L. CARRUTH                                                                                           PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:14-CV-507-WHB-RHW

JVT ADVISORS,
MORPHOTRUST USA, INC.,
and ALBERT EARL SANTA CRUZ, IN HIS INDIVIDUAL CAPACITY         DEFENDANTS

## MOTION FOR PROTECTIVE ORDER

Defendant, Albert Santa Cruz, in his individual capacity, by and through counsel, files this Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c) and states:

### Introduction and Facts

1.      Albert Santa Cruz is the Commissioner of the Mississippi Highway Patrol (MHP). In his amended complaint, Plaintiff alleges that the Commissioner committed certain acts making him personally liable to plaintiff for punitive and other damages for alleged violations of the First and Fourteenth Amendments, under 42 U.S.C. § 1983; an alleged conspiracy claim, under 42 U.S.C. §§ 1985 and 1986; and, an alleged state-law tort claim for tortuous interference with business and/or contractual relations.  Am. Compl. ¶¶ 17-24.

2.      Specifically, the gravamen of Plaintiff's amended complaint is that the Commissioner interfered with his employment as a business analyst for the contractor, Morphotrust, hired to execute a state-wide project for the MHP because of his "political affiliation" based solely on the assumption that "his wife had worked for the Mississippi Highway Patrol under a different commissioner." *Id.* ¶¶ 8, 13.

3.      The amended complaint is void of any allegation as to Plaintiff's political affiliation or related political activities to sustain his Section 1983 First and Fourteenth Amendment political affiliation claim.  Moreover, the amended complaint does not state any factual predicate whatsoever

that there was any "meeting of the minds" between the Commissioner and the co-Defendants to commit an "unlawful act" to sustain his Sections 1985 and 1986 conspiracy claims.  Lastly, Plaintiff's state-law tort claim for interference with business and/or contractual relations is not viable because he did not comply with the notice requirements of the Mississippi Tort Claims Act resulting in his claim now being time-barred by the Act's one-year statute of limitations.  *See* Mot. to Dismiss and supporting Memo. [docket nos. 6 and 7]  Instead, the amended complaint merely, and conclusorily, claims that the Commissioner violated his constitutional rights.  *See* Am. Compl., *passim.*

3. On October 7, 2014, the Commissioner filed a motion to dismiss asserting qualified immunity.  *See* Mot. to Dismiss and supporting memo. [docket nos. 6 and 7].  Dismissal is appropriate because, even accepting Plaintiff's factual allegations as true, he cannot defeat the Commissioner's qualified immunity.  After filing his Motion to Dismiss, the Commissioner submitted a Proposed Order Staying Discovery due to his qualified immunity defense, and pursuant to Local Rules 16(b)(3)(B) & (C).  Consistent with the Local Rules, the Court granted the order.  *See* Order Staying Proceedings [docket no. 8].  The Court subsequently set a telephonic conference for October 17, 2014 to "establish a scheduling order regarding Qualified Immunity."  *See* Order Staying Proceedings [docket no. 8] and Oct. 7th docket text Notice of Hearing.

5. In advance of the telephonic conference, undersigned counsel for the Commissioner attempted to confer with Plaintiff's counsel regarding the issue of any claimed need for "immunity-related" discovery.  *See* Email, dated Oct. 7, 2014, attached as Ex. "A."  As of the filing date of the instant Motion, Plaintiff's counsel has not yet responded. *See* Good Faith Certificate, submitted pursuant to Local Rule 37(a), attached as Ex. "B."  Because time is of the essence, in light of the quickly approaching telephonic conference, a protective order is necessary given the well-established Fifth Circuit precedent barring Plaintiff from taking any discovery under the circumstances here.

2

**All Discovery Should Be Stayed**

6. No discovery, whether considered routine discovery, or even "limited," "narrowly tailored," or "immunity-related" discovery, is allowed prior to the Court's ruling on the Commissioner's pending 12(b)(6) motion. Generally, as recognized by the Fifth Circuit, "the issue of qualified immunity is a threshold question, and '[u]ntil this threshold immunity question is resolved, discovery should not be allowed.'" *Brown v. Texas A&M University*, 804 F.2d 327, 333 (5th Cir. 1986) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982)); *see also Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (A "district court need not allow *any discovery* unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.") (Emphasis added). The reasons for that general rule include: (1) qualified immunity provides immunity from suit, which extends beyond just a defense to liability to include all aspects of civil litigation, and (2) a defendant's entitlement to qualified immunity should be determined as early as possible. *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986); *see also Winstead v. Box*, 419 Fed. Appx. 468, 469 (5th Cir. 2011) ("One of the reasons for qualified immunity is to protect a defendant from the burdens of discovery when the plaintiff has not filed an adequate claim."); *Brown v. Lyford*, 243 F.3d 185, 191 (5th Cir. 2001) (collecting authorities).

7. Consistent with those principles, when a state official invokes his qualified immunity based on the pleadings, no discovery is appropriate before the Court evaluates the immunity issue. *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987); *see also Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995), *cert. denied*, 515 U.S. 1131 (1995). The sole potential exception to the absolute discovery prohibition is that "limited," or "narrowly tailored," qualified "immunity-related" discovery may only be appropriate if:

>    the defendant's immunity claim turns at least partially on a factual question; when the
>    district court is unable to rule on the immunity defense without further clarification
>    of the facts; and [when the discovery order is] narrowly tailored to uncover only
>    those facts needed to rule on the immunity claim . . . .

*Lion Boulos*, 834 F.2d at 507-08. To determine whether such exceptional circumstances exist, district courts in the Fifth Circuit must follow a "careful procedure" and should allow "limited" and "narrowly tailored" discovery only when, and if, **after** evaluating the defendant's dispositive qualified immunity motion, the district court finds that the plaintiff asserts facts that, if true, would overcome the qualified immunity defense.[1]

8.   However, here, the amended complaint has not plead "enough facts to state a claim to relief that is plausible on its face" to survive the Commissioner's 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, no additional discovery will alter the Court's analysis of Plaintiff's baseless claims against the Commissioner. Typically, Rule 12(b)6)-type arguments that a plaintiff has failed to allege deprivation of a clearly established constitutional right can be address without discovery. *Watkins v. Hawley*, 2013 WL 3357703, *1 (S.D. Miss. July 3, 2013).

9.   Barring Plaintiff from taking any discovery prior to the Court's ruling on the Commissioner's pending 12(b)(6) Motion to Dismiss on immunity grounds comports with Fifth Circuit precedent. It is consistent with qualified immunity principles establishing the

---

[1] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ("One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive, *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986). Consequently, this court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense. As we explained in *Wicks*, *supra*, a district court must first find "that the plaintiff's pleadings assert facts, which, if true, would overcome the defense of qualified immunity." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.3d 868 (2009) (directing that a plaintiff must "state a claim for relief that is plausible on its face"–excluding statements that "are no more than conclusions" which are "not entitled to the assumption of truth")."); *see also Schultz v. Texas State Bd. of Examiners*, 58 F.3d 637, 1995 WL 371272, at *2 (5th Cir. 1995) ("Discovery under *Lion Boulos* may not proceed . . . until the district court 'first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'") (quoting *Wicks*, 41 F.3d at 994); *Wicks*, 41 F.3d at 996 (noting heightened pleading standards for claims of immunity and holding that, because plaintiff "failed to meet the threshold pleading requirements for either of his claims, . . . any discovery by [plaintiff], even that limited in scope, is improper."); *Nieto v. San Perlito Indep. Sch. Dist.*, 894 F.2d 174, 178 (5th Cir. 1990) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to a dismissal before the commencement of discovery.").

Commissioner's immunity from suit, as well as liability, and resolution of immunity issues as early and expeditiously as possible. It is also particularly appropriate in light of Plaintiff's meritless claims.

10. The facts and authorities supporting the Commissioner's request for a protective order are fully set forth above. Therefore, he asks that the Court dispense with the requirement of submitting a separate Memorandum of Authorities pursuant to Local Rule 7(b)(4).

For all of the foregoing reasons, Defendant Albert Santa Cruz, individually, respectfully requests that the Court enter a protective order staying all discovery in this matter pending the Court's consideration of his pending Motion to Dismiss [docket no. 6].

RESPECTFULLY SUBMITTED, this the 8th day of October, 2014.

           **MISSISSIPPI DEPARTMENT OF HUMAN SERVICES, Defendant**

           BY:    **JIM HOOD, ATTORNEY GENERAL STATE OF MISSISSIPPI**

           BY:    *s/ Malissa Wilson*
                      MALISSA WILSON, MB No. 100751
                      SPECIAL ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi  39205-0220
Telephone: (601) 359-3824
Facsimile:  (601) 359-2003
mwils@ago.state.ms.us

## CERTIFICATE OF SERVICE

I, Malissa Wilson, Special Assistant Attorney General for the State of Mississippi, do hereby certify that on this date I caused to be electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to all registered attorneys of record.

THIS the 8th day of October, 2014.

                      *s/ Malissa Wilson*
                      MALISSA WILSON