**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**LARRY L. CARRUTH**                                                **PLAINTIFF**

**V.**                          **CIVIL ACTION NO.: 3:14-CV-507 WHB-RHW**

**JVT ADVISORS**
**MORPHOTRUST USA, INC.**
**ALBERT EARL SANTA CRUZ, IN HIS INDIVIDUAL CAPACITY          DEFENDANT**

### PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO DISMISS

COMES NOW Plaintiff by and through counsel, and respectfully submits his response to Defendant's Motion to Dismiss. In support thereof, Plaintiff would show unto the Court the following:

1.      Defendant contends the Plaintiff was required to file a notice a claim pursuant to the Mississippi Tort Claims Act prior to filing the current case. This is not accurate. States have sovereign immunity from suits unless they expressly waive that immunity to be sued. The Mississippi Tort Claims Act was enacted to waive that immunity to certain claims, and to place requirements on how the claims could be made and what remedies can be pursued.

2.      Had Plaintiff sued Mr. Santa Cruz in his official capacity Plaintiff would have to comply with the Mississippi Tort Claims Act. Since Mr. Santa Cruz is only being sued in his individual capacity the Mississippi Tort Claims Act does not apply to give an individual in their individual capacity sovereign immunity.

3.      Defendant also contends that Mr. Santa Cruz has qualified immunity.

4.	Plaintiff contends in his Amended Complaint that Mr. Cruz had him terminated because of Plaintiff wife's political association with Governor Barbour.[Doc. 3].  A state employee is not acting in the scope of their duties to be allowed qualified immunity if that employee is violating an individuals right to political association. *Walton v. N.M. State Land Office,* 2014 U.S. Dist. LEXIS 136541 *134 (D.N.M Sept. 12, 2014).

5.	Defendant also contends that Plaintiff must show he engage in protected activity.  Plaintiff's wife engaged in protected activity by being politically affiliated with Governor Barbour's administration, and Plaintiff is claiming that he was retaliated against because of his association with his wife.  While it does not appear the Fifth Circuit has addressed this specific issue, the Supreme Court has addressed a similar issue. In *Thompson v. North American Stainless, LP,* the Supreme Court found that Title VII of the Civil Rights Act of 1964 should be interpreted to include protection for third party retaliation.131 S.Ct. 863 (2011).  Likewise, Plaintiff contends that this Court should allow the "zone of interest" theory to apply to First Amendment and Fourteenth Amendment political affiliation retaliation claims.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Defendant's Motion to Dismiss be denied.

Respectfully submitted,

BY: /s Nick Norris
NICK NORRIS MB #101574
Attorney for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive
Suite G
Jackson, Mississippi 39216
(601) 968-0000
Fax: (601) 968-0010
nick@watsonnorris.com

## **CERTIFICATE OF SERVICE**

I, Nick Norris, attorney for Plaintiff do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing or mailed, via United States Mail, postage prepaid, on all counsel of record.

SO CERTIFIED, this the 30th day of October, 2014.

/s Nick Norris

NICK NORRIS