IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT

LARRY L. CARRUTH                                                                           PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:14-CV-507-WHB-RHW

JVT ADVISORS,
MORPHOTRUST USA, INC.,
and ALBERT EARL SANTA CRUZ, IN HIS INDIVIDUAL CAPACITY          DEFENDANTS

## REBUTTAL IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Defendant, Albert Santa Cruz, in his individual capacity, by and through counsel, files his Rebuttal in Support of Motion for Protective Order, pursuant to Fed. R. Civ. P. 26(c), and states:

### Introduction

As a threshold matter, the Court should strike Plaintiff's response to the Motion for Protective Order because it was untimely filed.  Should the Court consider the merits, the arguments contained in Plaintiff's three-sentence response in opposition to the Commissioner's Motion for Protective Order are unavailing.  There are no factual questions – because the alleged facts of the Amended Complaint are conceded by the Commissioner for purposes of the 12(b)(6) Motion to Dismiss – to warrant this Court from making an exception to the general rule of absolutely no discovery in matters where a state official invokes his qualified immunity.

### ARGUMENT

**A. Plaintiff's Untimely Response Should Be Stricken Under Fed. R. Civ. P. 12(f).**

1.  Local Uniform Civil Rule 7(b)(4) states, in pertinent part:

    Counsel for respondent must, **within fourteen days** after service of movant's motion and memorandum brief, file a response and memorandum brief in support of the response. . .A party must make any request for an extension of time in writing to the judge who will decide the motion. **Failure to timely submit the required motion documents may result in the denial of the motion**. (Emphasis added)

2.   Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure further adds:

When an act may or must be done within a specified time, the court may, for good cause, extend the time [ ] on motion made after the time has expired if the party failed to act because of excusable neglect.

3.   The Commissioner filed his Motion for Protective Order on October 8, 2014. Plaintiff had until and including October 22, 2014 to file his response. The deadline came and went without any response from Plaintiff. It was not until five days later, on October 27, 2014, when Plaintiff filed his response. Plaintiff clearly never asked for an extension of time under Local Rule 7(b)(4) or Fed. R. Civ. P. 6(b)(1)(B) before or beyond the expiration of the October 22nd deadline. Therefore, the Plaintiff's response is untimely and should be stricken.

**B.   The Court Should Grant The Motion for Protective Order On The Merits.**

4.   To begin, the facts of the amended complaint are not in dispute for purposes of the Commissioner's Motion to Dismiss on the ground that Plaintiff's amended complaint has not plead "enough facts to state a claim to relief that is plausible on its face" to survive scrutiny under Fed. R. Civ. P. 12(b)6). Plaintiff's allegations of the amended complaint against the Commissioner, based solely on an assumption, stand on shaky ground in the face of the new pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). While the new pleading rules do not require detailed factual allegations, they do "demand[ ] more than unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

5.   The crux of Plaintiff's response to the Commissioner's 12(b)(6) Motion to Dismiss on qualified immunity grounds is that his claims will be fleshed out in discovery: "[b]ased on the facts of the complaint[,] Plaintiff will need to take the depositions of Albert Earl Santa Cruz, Mary Roberts and Ken Magee to provide admissible evidence of Mr. Cruz's direction to prevent Mr. Carruth from further being employed because he was allegedly a 'security threat.'" Pl.'s Resp., p. 1.

2

However, discovery will not resolve the issue here; the facts are **_not_** in dispute for purposes of the Motion to Dismiss. Indeed, the Court can determine whether Plaintiff has alleged a deprivation of a clearly established constitutional right without the necessity of discovery. The absence of discovery in this matter will not alter the Court's analysis of Plaintiff's claims against the Commissioner. *Watkins v. Hawley*, 2013 WL 3357703, *1 (S.D. Miss July 3, 2013) (finding that Rule 12(b)(6)-type arguments that plaintiff has failed to allege deprivation of a clearly established constitutional right can be addressed without discovery).

   6. This is precisely the type of situation where the purpose of qualified immunity would be effectively lost if the Court were to permit a discovery-based fishing expedition against the Commissioner. The Supreme Court has stated that the qualified immunity doctrine ensures that "'insubstantial claims' against government officials [will] be resolved **_prior to discovery_**." *Pearson v. Callahan*, 129 S. Ct. 808, 816 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 n. 2 (1987) (emphasis added)).

   7. It is clear on the face of the allegations against the Commissioner in the amended complaint that immunity would apply because there has been no violation of a clearly established First Amendment right to political affiliation when Plaintiff never mentions his political affiliation (no amount of discovery will cure this defect). Moreover, it was objectively reasonable for the Commissioner not to want Plaintiff to work on a state-wide, multi-million-dollar project for MHP because he was a "security threat" and had a "conflict of interest" given that "his wife had worked for the Mississippi Highway Patrol under a different commissioner and had certain knowledge about the Patrol office." Am. Compl., § 13; *see Dudley v. Angel*, 209 F. 3d 460, 464 (5th Cir. 2000) (holding that "officials need not be correct in their assessments; they need only be reasonable in making them.")

8. Simply stated, accepting Plaintiff's version of events as true, the Commissioner's entitlement to a stay of discovery based on his invocation of qualified immunity outweighs Plaintiff's purported need to buttress the lackluster allegations of the amended complaint in order to defeat the 12(b)(6) motion to dismiss.

For all of the foregoing reasons, Defendant Albert Santa Cruz, individually, respectfully requests that the Court enter a protective order staying all discovery in this matter pending the Court's consideration of his pending Motion to Dismiss [docket no. 6].

RESPECTFULLY SUBMITTED, this the 31st day of October, 2014.

**MISSISSIPPI DEPARTMENT OF HUMAN SERVICES, Defendant**

**BY:    JIM HOOD, ATTORNEY GENERAL
STATE OF MISSISSIPPI**

BY:    __/s/ Malissa Wilson__
MALISSA WILSON, MB No. 100751
SPECIAL ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi  39205-0220
Telephone: (601) 359-3824
Facsimile:  (601) 359-2003
mwils@ago.state.ms.us

**CERTIFICATE OF SERVICE**

I, Malissa Wilson, Special Assistant Attorney General for the State of Mississippi, do hereby certify that on this date I caused to be electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to all registered attorneys of record.

THIS the 31st day of October, 2014.

*s/ Malissa Wilson*
MALISSA WILSON