IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT

LARRY L. CARRUTH                                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:14-CV-507-WHB-RHW

JVT ADVISORS,
MORPHOTRUST USA, INC.,
and ALBERT EARL SANTA CRUZ, IN HIS INDIVIDUAL CAPACITY         DEFENDANTS

**REBUTTAL BRIEF IN SUPPORT OF
MOTION TO DISMISS OF ALBERT SANTA CRUZ**

Defendant, Albert Santa Cruz, in his individual capacity, by and through counsel, submits this Rebuttal Brief in Support of his Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and would show the Court as follows:

**INTRODUCTION**

Plaintiff admits in his two-page response to the Motion to Dismiss, as he must, that there is no such political affiliation claim *by proxy* under the First or Fourteenth Amendments.  Accordingly, there can be no violation of a clearly established right to deprive Commissioner Santa Cruz of qualified immunity when the right Plaintiff claims the Commissioner violated is nonexistent.  As to Plaintiff's state law claim, it, too, fails under the Mississippi Tort Claims Act.

**I.        PRELIMINARY MATTERS**

In Plaintiff's two-page response to the Motion to Dismiss, he does not respond to the Commissioner's argument that he is not liable for conspiracy under Sections 1985 and 1986.  Therefore, the Commissioner respectfully asks this Court to deem Plaintiff as having confessed to these arguments and dismiss the claims, as a matter of law.  As discussed below, Plaintiff's remaining federal and state law claims also require dismissal.

**II.     FEDERAL CLAIMS**

Plaintiff's sole federal claim is his Section 1983 First and Fourteenth Amendment political affiliation claim. The entirety of his argument in support of this claim is as follows:

> Plaintiff contends in his Amended Complaint that Mr. [Santa] Cruz had him terminated because of Plaintiff wife's political association with Governor Barbour. [Doc. 3].  A state employee is not acting in the scope of their [sic] duties to be allowed qualified immunity if that employee is violating an individuals [sic] right to political association. *Walton v. N.M. State Land Office,* 2014 U.S. Dist. LEXIS 136541 * 134 (D.N.M. Sept. 12, 2014).[1]
>
> Defendant also contends that Plaintiff must show he engaged in protected activity.  Plaintiff's wife engaged in protected activity by being politically affiliated with Governor Barbour's administration, and Plaintiff is claiming that he was retaliated against because of his association with his wife.  **While it does not appear the Fifth Circuit has addressed this specific issue, the Supreme Court has addressed a similar issue.  In Thompson v. North American Stainless, LP, the Supreme Court found that Title VII of the Civil Rights Act of 1964 should be interpreted to include protection for third party retaliation.  131 S. Ct. 863 (2011).  Likewise, Plaintiff contends that this Court should allow the "zone of interest" theory to apply to First Amendment and Fourteenth Amendment political affiliation retaliation claims.**

Pl.'s Resp., ¶¶ 4-5 (emphasis added).

At the onset, when a defendant raises qualified immunity, a plaintiff must show that the official's conduct violated a clearly established constitutional right. *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999).  A right is clearly established when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Brosseau v. Haugen* 543 U.S. 194, 199 (2004) (internal quotations omitted).

Here, Plaintiff's invitation to this Court to apply the "zone of interest" theory is the demise of his case.  This invitation, coupled with Plaintiff's admission that "it does not appear the Fifth Circuit has addressed this specific issue," makes clear that the Commissioner did not – could not –

---

[1] While *Walton* supports the argument that a political affiliation claim can be based on an employer's employment with a previous administration, it is unavailing in this case.  In *Walton*, the land commissioner at the time, who was a Democrat, terminated the employee in retaliation for *her* political affiliation with the administration of the previous land commissioner, who was a Republican.  Here, Plaintiff alleges he was terminated because of *his wife's* political affiliation with the previous commissioner.  Moreover, the former and the current governor are both affiliated with the same political party, the Republican Party.  These facts distinguish the instant case from *Walton*.

2

violate any constitutional right of Plaintiff to political affiliation *by proxy*, much less a clearly established right, when such a right has not been established by Fifth Circuit or the Supreme Court precedent. Plaintiff's political affiliation claim ends here without discussing whether to apply the "zone of interest" theory as applied in Title VII cases to the instant case.

For argument's sake only, this Court should reject Plaintiff's invitation to apply this theory as it is wholly inapplicable for the following reasons. In *Thompson*, the plaintiff brought a Title VII retaliation action against the employer alleging that it terminated him after his fiancée, who worked for the same employer, filed a gender discrimination charge with the Equal Employment Opportunity Commission (EEOC). *See Thompson,* 131 S. Ct. at 867-68. The Supreme Court held that the plaintiff was an aggrieved person and fell within the "zone of interest" protection under Title VII; therefore, if the retaliatory act was proven, the employer's act would be deemed unlawful. *See id.* at 869-70.

Here, unlike the plaintiff in *Thompson*, the amended complaint lacks any allegation that Plaintiff's wife engaged in *protected* political activity beyond simply having worked for the prior administration that is the same political affiliation as the current administration and gaining, "certain knowledge about the patrol." Compl., ¶¶ 7, 13.[2] Moreover, Plaintiff and his wife did not work for the same employer; Plaintiff started his employment with Morphotrust after his wife's employment with MHP ended. Simply stated, the facts in the instant case cannot conform to fit the factual scenario in *Thompson* to warrant this Court to extend the application of the "zone of interest" theory in Title VII cases to Plaintiff's non-existent Section 1983 First and Fourteenth Amendment political affiliation claim *by proxy*.

---

[2] For purposes of the Motion to Dismiss, it does not matter what Plaintiff's wife allegedly knows about the department. Accepting the allegations of the Amended Complaint as true, there is no allegation that Plaintiff's wife actually engaged in any *protected* political activity that would trigger consideration of whether to apply the "zone of interest" protections afforded in Title VII cases to the instant Section 1983 First and Fourteenth Amendment political affiliation claim.

In short, even if a constitutional right to political affiliation *by proxy* inhered in this context, and by Plaintiff's own admission it did not, that right was not clearly established at the relevant time period of the amended complaint. As a result, the Commissioner is entitled to qualified immunity against Plaintiff's Section 1983 First and Fourteenth Amendment political affiliation claim.

### III.    STATE LAW CLAIMS

Plaintiff contends that the notice requirements of the Mississippi Tort Claims Act (MCTA) do not apply because the Commissioner was not acting in an official capacity when he made certain comments about Plaintiff resulting in his termination by Morphotrust. In the absence of any supporting case law, the entirety of Plaintiff's argument in support of his state law claim for tortuous interference with business and/or contractual relations is as follows:

> Defendant contends the Plaintiff was required to file a notice of claim pursuant to the Mississippi Tort Claims Act prior to filing the current case. This is not accurate. States have sovereign immunity from suits unless they expressly waive that immunity to be sued. The Mississippi Tort Claims Act was enacted to waive that immunity to certain claims, and to place requirements on how the claims could be made and what remedies can be pursued.
>
> Had Plaintiff sued Mr. Santa Cruz in his official capacity Plaintiff would have to comply with the Mississippi Tort Claims Act. Since Mr. Santa Cruz is only being sued in his individual capacity the Mississippi Tort Claims Act does not apply to give an individual in their individual capacity sovereign immunity.

Pl.'s Resp., ¶¶ 1-2.

Simply stated, Plaintiff's state tort claim against the Commissioner, even in his individual capacity, is barred by the exclusive remedies provisions of the MCTA:

> The remedy provided by this chapter against a governmental entity or its employee *is exclusive of any other civil action or civil proceeding* by reason of the same subject matter against the governmental entity or its employee or the estate of the employee for the act or omission which gave rise to the claim or suit; and any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter *shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.*

4

Miss. Code Ann. § Section 11-46-7(1) (emphasis added). Interpreting this provision, the Mississippi Supreme Court has held: "The MTCA provides the exclusive remedy against a governmental entity and its employees for acts or omissions which give rise to a suit." *City of Jackson v. Sutton*, 797 So. 2d 977, 981 (Miss. 2001) (citations omitted) ("the case law is clear that the Mississippi Tort Claims Act is the only route by which the plaintiffs could file suit against" a governmental employee). To that end, one of the procedural strictures contained in MCTA is the notice requirement in Section 11-46-11: "ninety (90) days prior to maintain an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity. . . ."

Here, by Plaintiff's own admission, he did not follow the MCTA's notice requirements. Further, the amended complaint is void of any allegation to suggest that the Commissioner was acting outside the scope of his employment when he commented about Plaintiff. Plaintiff merely "assumed" that the Commissioner's comments were made "because his wife had worked for the Mississippi Highway Patrol under a different commissioner and had certain knowledge about the Patrol office." Am. Compl., ¶ 13. Even accepting this assumption as correct, it does not place the Commissioner's conduct in the category of acts that fall outside the scope of an official's employment. *See* Miss. Code Ann. § 11-46-5.

Because the Commissioner is clearly an employee of the State, and the allegations of the amended complaint are insufficient to find that Plaintiff survives the exclusivity bar of the MTCA, the MTCA and its notice requirements clearly apply. As a result, Plaintiff's failure to provide notice pursuant to the statutory mandate is fatal to his claim. Further, under the MTCA, the Commissioner enjoys sovereign immunity, and Plaintiff cannot sue him in his individual capacity unless he acted outside the scope of his employment. *Miss. Dep't of Transp. v. Trosclair,* 851 So.2d 408, 413 (¶ 12) (Miss.Ct.App.2003). As previously discussed, the allegations contained in the amended complaint do not support a finding that the Commissioner acted outside the scope of his

employment.  Accordingly, for these reasons, the Court should dismiss Plaintiff's state law claim for tortuous interference with business and/or contractual relations against the Commissioner.

## CONCLUSION

For all of the foregoing reasons, the Motion to Dismiss of Defendant Albert Santa Cruz, in his individual capacity, should be granted and the First Amended Complaint filed against him should be dismissed for failure to state a claim upon which relief may be granted.

RESPECTFULLY SUBMITTED, this the 10th day of November, 2014.

        **MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY, Defendant**

**BY:**    **JIM HOOD, ATTORNEY GENERAL STATE OF MISSISSIPPI**

BY:    *s/ Malissa Wilson*
        MALISSA WILSON, MB No. 100751
        SPECIAL ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi  39205-0220
Telephone: (601) 359-3824
Facsimile:  (601) 359-2003
mwils@ago.state.ms.us

## **CERTIFICATE OF SERVICE**

I, Malissa Wilson, Special Assistant Attorney General for the State of Mississippi, do hereby certify that on this date I caused to be electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to all registered attorneys of record.

THIS the 10th day of November, 2014.

*s/ Malissa Wilson*
MALISSA WILSON