IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LARRY L. CARRUTH**                                                                                       **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO. 3:14-cv-507 WHB-RHW**

**JVT ADVISORS
MORPHOSTRUST USA, INC.
ALBERT SANTA CRUZ, IN HIS
INDIVIDUAL CAPACITY**                                                 **DEFENDANTS**

### ANSWER AND DEFENSES OF DEFENDANT JVT ADVISORS

Defendant JVT Advisors, by and through undersigned counsel, hereby submits its Answer and Defenses to the Plaintiff's First Amended Complaint:

### FIRST DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against JVT Advisors and should, accordingly, be dismissed as to JVT Advisors pursuant to *Fed. R. Civ. Proc.* 12(b)(6).

### SECOND DEFENSE: ANSWER

Without waiving the above and foregoing defense, JVT Advisors responds to the allegations of the Plaintiff's First Amended Complaint paragraph by paragraph as follows:

1. Upon information and belief, JVT Advisors admits the allegations of Paragraph 1.

2. In response to Paragraph 2 of the Amended Complaint, JVT Advisors denies that it is a corporation, but admits that it is a General Partnership organized under the laws of the Commonwealth of Massachusetts. JVT Advisors admits that its registered agent for service of process is as alleged. Except as admitted, the allegations contained in Paragraph 2 are denied by JVT Advisors.

3. JVT Advisors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, therefore, denies them.

4. JVT Advisors admits Defendant Santa Cruz is the Commissioner of the Mississippi Department of Public Safety. Otherwise, JVT Advisors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, denies them.

5. Defendant JVT Advisors admits that cases brought under federal law are properly filed in federal court. Defendant JVT Advisors denies that Plaintiff has properly alleged a federal cause of action against JVT Advisors in this matter.

6. Defendant JVT Advisors admits that the events giving rise to Plaintiff's claims occurred, at least in part, in this District.

7. JVT Advisors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and, therefore, denies them.

8. JVT Advisors admits that Plaintiff was hired by Defendant MorphoTrust as a contractor through JVT Advisors in September of 2012. Defendant JVT Advisors denies the remaining allegations contained in Paragraph 8.

9. JVT Advisors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies them.

10. JVT Advisors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, therefore, denies them.

11. Upon information and belief, Defendant JVT Advisors admits the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12. JVT Advisors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies them.

13. JVT Advisors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies them.

14. JVT Advisors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies them.

15. JVT Advisors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, denies them.

16. JVT Advisors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies them.

17. In response to Paragraph 17 of the Plaintiff's First Amended Complaint, JVT Advisors incorporates by reference its responses and defenses to Paragraphs 1 through 16 of the First Amended Complaint.

18. The allegations of Paragraph 18 of Plaintiff's First Amended Complaint are denied as to JVT Advisors. Otherwise, JVT Advisors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies them.

19. JVT Advisors denies the allegations contained in Paragraph 19 of the First Amended Complaint.

20. JVT Advisors denies the allegations contained in Paragraph 20 of the First Amended Complaint.

21. In response to Paragraph 21 of the Plaintiff's First Amended Complaint, JVT Advisors incorporates by reference its responses and defenses to Paragraphs 1 through 20 of the First Amended Complaint.

22. The allegations of Paragraph 22 of Plaintiff's First Amended Complaint are denied as to JVT Advisors.  Otherwise, JVT Advisors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies them.

23. The allegations of Paragraph 23 of Plaintiff's First Amended Complaint are denied as to JVT Advisors.  Otherwise, JVT Advisors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies them.

24. JVT Advisors denies the allegations contained in Paragraph 24 of the First Amended Complaint.  JVT Advisors specifically denies that Plaintiff is entitled to any relief from it whatsoever.

25. The allegations of the final, unnumbered paragraph of the Complaint, commencing on page 5 with the words "WHEREFORE PREMISES CONSIDERED", including sub-parts 1. through 7. are denied by JVT Advisors.  JVT Advisors specifically denies that Plaintiff is entitled to any relief from it whatsoever.

### THIRD DEFENSE

JVT Advisors pleads the affirmative defenses of contributory or comparative fault. Therefore, Plaintiff's claims should be barred or reduced in proportion to his own fault.

### FOURTH DEFENSE

JVT Advisors pleads the affirmative defense of estoppel.

### FIFTH DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations and, accordingly, may be due to be dismissed.

**SIXTH DEFENSE**

JVT Advisors pleads the affirmative defense of waiver.

**SEVENTH DEFENSE**

JVT Advisors pleads the affirmative defense of assumption of risk.

**EIGHTH DEFENSE**

Plaintiff has failed to mitigate its damages, if any. Plaintiff's damages, if any, should be barred or reduced accordingly.

**NINTH DEFENSE**

JVT Advisors asserts all protections and rights available to it with respect to apportionment of fault to both parties and non-parties, as applicable.

**TENTH DEFENSE**

As discovery is ongoing, the exact cause of the Ahlemeyers' damages alleged in the underlying civil action is unclear, and it is thus unclear whether any "property damage" occurred, as that term is defined by the applicable insurance policies.

**ELEVENTH DEFENSE**

The alleged deprivations of Plaintiff's constitutional rights did not occur through, nor were they caused by, an established policy or custom of JVT Advisors.

**TWELFTH DEFENSE**

JVT Advisors is not a state entity and was not acting under color of state law. Therefore, JVT Advisors is not liable for Plaintiff's claims alleging damages arising from state action.

**THIRTEENTH DEFENSE**

Plaintiff is not entitled to recover punitive damages from JVT Advisors due to JVT Advisors' good faith compliance with applicable law.

**FOURTEENTH DEFENSE**

JVT Advisors asserts all available defenses to Plaintiff's claim for punitive damages that arise under JVT Advisors' rights and protections secured by the United States Constitution.

**FIFTEENTH DEFENSE**

JVT Advisors asserts the right to rely upon any after-acquired evidence of Plaintiff's misconduct to mitigate any damages.

**SIXTEENTH DEFENSE**

JVT Advisors affirmatively pleads all defenses, rights, and protections arising under the Contractor Agreement, which is attached hereto as Exhibit "A" and incorporated by reference as if fully reproduced in words and figures.

**SEVENTEENTH DEFENSE**

JVT Advisors reserves the right to assert and/or join in any defense raised by any other defendant in this action and/or to assert any further defenses that may be supported by evidence discovered in this matter.

Wherefore, premises considered, JVT Advisors, having fully answered Plaintiff's claims, states that Plaintiff is not entitled to the relief demanded or any relief whatsoever and prays the Court dismiss Plaintiff's' claims and enter a judgment in favor of JVT Advisors and further, for all other relief as the Court may deem appropriate.

Respectfully Submitted, this the 10th day of November, 2014,

**JVT ADVISORS**

By: */s/ Graham P. Carner*
Graham P. Carner

**OF COUNSEL:**

Graham P. Carner (MSBN 101523)
GRAHAM P. CARNER, PLLC
771 N. Congress Street
Jackson, Mississippi 39202
Tel: 601.949.9456
Fax: 601.354.7854
Email:  graham.carner@gmail.com

## **CERTIFICATE OF SERVICE**

I, Graham P. Carner, do hereby certify that I served a true and correct copy of the above and foregoing document by electronically filing same in accordance with this Court's electronic filing procedures, resulting in notice to the following:

    Louis H. Watson, Jr.
    louis@watsonnorris.com

    Nick Norris
    nick@watsonnorris.com

    Malissa Wilson
    MWILS@ago.state.ms.us

    J. Cliff Johnson, II
    cjohnson@pjlawyers.com

This the 10th day of November, 2014.

                                                    */s/ Graham P. Carner*
                                                    Graham P. Carner